UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J.M.R.,

Petitioner,

- against -

PAUL ARTETA, *et al.*,

Respondents.

**No. 26 Civ. 6396 (DLC)**

**STIPULATION AND ~~[PROPOSED]~~ ORDER**

WHEREAS, on July 28, 2026, petitioner J.M.R. ("Petitioner") brought this habeas action under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") and seeking an order from this Court requiring that he be released or provided a bond hearing with certain criteria; and

WHEREAS, based on the specific facts and circumstances of this case, and without conceding the merits of the case, and without waiver or prejudice to the government's ability to defend its detention authority in other similar or dissimilar cases, and in the interests of expediting the resolution of this case, the government has agreed to provide Petitioner with an individualized bond hearing with certain criteria; therefore

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, that:

1. This action shall be and hereby is dismissed without prejudice and without costs or attorney's fees to either party.
2. The government shall, within 14 days of the date of the entry of the Court's so-ordering of this stipulation on the docket, provide Petitioner with an individualized bond hearing before an immigration judge at which ICE bears the burden of establishing, by clear and convincing evidence, that he poses a danger to the community or a flight risk. At that hearing, the immigration judge must consider alternative conditions of release with respect to both dangerousness and risk of flight. If the immigration judge sets a monetary bond, he or she must consider Petitioner's ability to pay in determining the appropriate bond amount.

Case 1:26-cv-06396-DLC Document 11 Filed 08/18/26 Page 2 of 2

3. The government has agreed to take this action based on the specific facts and circumstances presented in this matter, and nothing in this stipulation shall be construed as an admission of liability or wrongdoing by the government, or a concession of any rights or arguments by the government or by the petitioner; nor shall it be construed to require the government to provide a similar bond hearing to any other noncitizen in similar or dissimilar circumstances, and this agreement shall in no way be used to undermine the government's litigation position in any other case.
4. Until the bond hearing has been held and a bond decision made, Petitioner shall not be transferred except to a facility within the Southern District of New York, the Eastern District of New York, or the District of New Jersey.
5. The Court shall retain jurisdiction to enforce compliance with this stipulation and order.

Brooklyn, New York
August 18, 2026

BROOKLYN DEFENDER SERVICES
*Attorney for Petitioner*

Lucas S. Marquez, Esq.
Ilana R. Herr, Esq.
177 Livingston Street, 7th Floor
Brooklyn, New York 11201
Tel. (917) 336-1559/(347) 831-7643

New York, New York
August 18, 2026

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York
*Attorney for Respondents*

Brandon M. Waterman
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. (212) 637-2743

SO ORDERED:

HON. DENISE L. COTE
UNITED STATES DISTRICT JUDGE
August 19, 2026